OPINION
Defendants-appellants, Bethesda Hospital and Blue Ash Presbyterian Church, appeal the judgment of the Hamilton County Court of Common Pleas, Probate Division, holding that a portion of the decedent's estate should pass by way of intestate succession. We reverse that judgment.
The underlying facts are not in dispute. Walter Eppley died on December 22, 1998, and his will was presented to the probate court on December 28, 1998. Cassie Rink was appointed executrix of Mr. Eppley's estate.
Item II of Mr. Eppley's will established a testamentary trust for the benefit of his wife, Claribel Eppley. Upon Mrs. Eppley's death, the trust was to terminate and the remaining assets were to be distributed to Mr. Eppley's nieces and nephews and to a number of charitable organizations. Pursuant to the terms of the will, the trust was to be created only in the event that Mr. Eppley predeceased his wife. Unfortunately, the will was silent as to the disposition of the property in the event that Mrs. Eppley died first, which in fact happened. Rink therefore filed an action in the probate court for construction of the will.
The probate court ruled that it could not infer from Mr. Eppley's will that he clearly intended for the trust property to pass to the named beneficiaries if Mrs. Eppley predeceased him. Accordingly, the court ordered that the property specified in the trust provisions pass according to Ohio's laws of descent and distribution, pursuant to which defendants-appellees, John Miller, Carl Miller, Donnie Miller, Linda McPeak, and Wilbur McConnell,[1] would be beneficiaries.
Appellants argue, in a single assignment of error, that the probate court erred by ordering that the property be distributed according to the laws of descent and distribution. The assignment is persuasive.
When construing testamentary instruments, a court must ascertain and give effect to the intent of a testator, grantor or settlor, if legally possible.[2] This includes any testamentary trust provisions contained in a will.[3] In ascertaining a testator's intent, the court is to be guided by the express language of the testamentary provisions of the will.[4] All of the provisions of a will must be construed, and effect, if possible, must be given to every word contained in the instrument.[5] The words used in the will, if technical, must be given their technical meaning. If not technical, then the words should be given their ordinary meaning, unless it appears from the context in which they appear that the testator intended some secondary meaning.[6]
Although courts are generally instructed to look to the plain meaning of the words used in the will, there are exceptions where the testator's intent would be frustrated by such a rule of construction. The Supreme Court of Ohio has held the following:
 When a testator's will clearly reveals a general plan or intention as to the disposition of his property, and a situation arises that is not within the express language of the will, such general plan may be regarded as existing but incompletely expressed, and the failure to provide for the situation inadvertent rather than intentional, and a gift may be implied for the purpose of completing the general plan.[7]
In Casey, the will provided a general plan calling for the property to remain in the testator's bloodline. One of the testator's grandchildren died without issue, a contingency not expressly contemplated in the will. The court held that the property was not to pass to the grandchild's personal representative, because such a disposition would frustrate the intent of the testator to leave the property to persons of his bloodline. Accordingly, the grandchild's trust income was ordered to be distributed to the grandchild's siblings.[8]
Other courts have emphasized the importance of the testator's general intent in resolving how to distribute property when a certain contingency is not provided for in the will. InCentral Nat'l. Bank v. McMunn, the court stated, "When [the] general intention of [a] testator is clear, but he has failed to make [an] express provision for a certain contingency which occurs, courts will not hesitate to imply a gift in order to effectuate his intent."[9]
In the case at bar, Mr. Eppley's will reflected a general plan that would be frustrated by the probate court's holding. Mr. Eppley's concern, as expressed in the will, was that Mrs. Eppley be provided for after he died and that the trust property then pass to the charitable institutions and other entities that he specified. We can conceive of no reason that the circumstance of Mrs. Eppley's death prior to that of Mr. Eppley would alter his intention to provide for the entities enumerated in the trust provisions.
Moreover, as appellants argue, Mr. Eppley's designation of specific legatees militates against the conclusion that he contemplated any property passing by way of intestacy. This conclusion comports with the general rule of construction that a testator is never presumed to intend to die intestate "as to any part of the estate to which his attention seems to have been directed."[10] Here, Mr. Eppley expressly directed his attention to the property in question and indicated that it should pass to the specified entities upon his wife's death. Under these circumstances, we conclude that Mr. Eppley's failure to provide for the contingency that Mrs. Eppley would predecease him was merely inadvertent, and that the probate court erred in ordering that the property pass pursuant to the laws of intestate succession. Accordingly, the judgment of the probate court is reversed, and final judgment is entered in favor of the appellants.
Judgment accordingly.
 _______________________________ HILDEBRANDT, Presiding Judge
 Gorman and Winkler, JJ., concur.
[1] Although other persons would receive property under the laws of intestate succession, only the listed persons are parties to this appeal.
[2] Townsend's Executors v. Townsend (1874), 25 Ohio St. 477, paragraph one of the syllabus.
[3] Tootle v. Tootle (1986), 22 Ohio St.3d 244, 247,490 N.E.2d 878, 881.
[4] Casey v. Gallagher (1967), 11 Ohio St.2d 42, 46,62 N.E.2d 318, 322.
[5] Townsend's Executors, supra, paragraph four of the syllabus.
[6] Id., paragraph two of the syllabus.
[7] Casey, supra, paragraph five of the syllabus.
[8] Id., paragraph six of the syllabus.
[9] See Central Nat'l. Bank v. McMunn (P.C. 1967), 12 Ohio Misc. 1,228 N.E.2d 349, quoting In re Brooks' Estate (1952), 114 N.Y.S.2d 342.
[10] Collier v. Collier's Executors. (1854), 3 Ohio St. 369, 373.